Sidney A. Fine, J.
Plaintiff moves for summary judgment in his favor.
The first cause of action seeks damages against defendants for plaintiff’s false imprisonment. Plaintiff was convicted of murder in March, 1938, but in 1962 the Court of Appeals reversed and ordered a new trial. The basis for the reversal was the District Attorney had failed to make an effort to correct the false testimony of a witness for the prosecution (that he had not made statements to the District Attorney before the trial) and to afford the court or defense counsel an opportunity to examine the' statements which he had made to the District Attorney. After the reversal, approximately 24 years subsequent to the trial, the District Attorney joined in the request of plaintiff’s attorney for the dismissal of the indictment and the indictment was dismissed. Plaintiff seeks to *67 hold defendants liable for his many years of incarceration on the theory that the District Attorney, acting as agent and employee of the defendants, was responsible for plaintiff’s wrongful incarceration by reason of his misconduct at the trial. No case of false imprisonment based upon the conduct of a prosecutor at a trial has been brought to the court’s attention by the parties and none has been discovered by the court. In the cases cited by plaintiff’s counsel, the imprisonments had all concededly been caused by the defendants or their agents or employees. In the instant case, however, the Court of Appeals did not hold that the District Attorney’s conduct brought about the conviction, but only, in effect, that it might possibly have done so. Even if the District Attorney had corrected tire false testimony of the witness that he had not made statements to the District Attorney before the trial, and even if those statements had been exhibited to the court and plaintiff’s counsel, the jury might nevertheless have convicted plaintiff.
The Court of Appeals did no more than order a new trial. It did not dismiss the indictment. This is not a case, for example, where the only evidence against the defendant at the murder trial was improperly submitted by the District Attorney so that with the improper evidence removed there remained no basis for a conviction. To hold defendants liable for erroneous . conduct at the trial which is not shown definitely to have been the cause of plaintiff’s conviction, but at most to have been a possible cause thereof, goes further than any decision of which the court is aware and, in the court’s opinion, would constitute an undesirable and dangerous precedent. The motion for summary judgment should be denied as to the first cause of action.
The second cause of action is for malicious prosecution. The indictment of plaintiff by the Grand Jury established, prima facie, the existence of probable cause in the absence of evidence that the indictments were improperly obtained through false testimony or other wrongful conduct before the Grand Jury (Hopkinson v. Lehigh Val. R. R. Co., 249 N. Y. 296). The moving affidavits do not show that the indictments were improperly obtained. The question of probable cause presents, at best, a triable issue of fact.
The third cause of action charges the District Attorney with having conspired with others to falsely accuse plaintiff of murder and to cause his arrest and imprisonment. The moving affidavits, however, do not establish these charges even prima facie.
*68 The fourth cause of action adds nothing material to the prior three causes.
The motion for summary judgment is, accordingly, denied as to all four causes of action.